IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Scott Sunday,                                  :
               Petitioner            :
                                    :
                                    :   No.  37 C.D. 2018
             v.                                       :
                                    :   Submitted:  October 12, 2018
Pennsylvania Board of Probation              :
and Parole,                                          :
               Respondent           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  December 20, 2018

           Joshua Scott Sunday (Petitioner) petitions for review of the December 4, 2017 decision of the Pennsylvania Board of Probation and Parole (Board) affirming an earlier decision that recommitted Petitioner as a convicted parole violator and recalculated his parole violation maximum sentence date to be November 13, 2018.

           Petitioner was originally sentenced to a term of incarceration of two years, nine months, and three days to eight years and six days following his convictions in Butler and Lawrence Counties on charges of robbery, burglary, and driving under the influence of a controlled substance.  Petitioner's original parole violation maximum sentence date was April 28, 2014.  Petitioner was twice released on parole and twice recommitted as a convicted parole violator, which resulted in the adjustment of his

parole violation maximum sentence date to March 14, 2017. He was released on parole for a third time on July 20, 2014.

In June of 2015, Petitioner was arrested and charged with retail theft, possession of drug paraphernalia, and public drunkenness. He subsequently pleaded guilty to a summary charge of public drunkenness and the remaining charges were dismissed. He was released on parole for a fourth time on January 14, 2016, but his parole violation maximum sentence date remained March 14, 2017. Less than two months later, on March 11, 2016, Petitioner was arrested and charged with possession of drug paraphernalia in Butler County. The Board issued a warrant to commit and detain Petitioner on April 19, 2016, and he was returned to the State Correctional Institution at Mercer (SCI-Mercer). He remained detained pending disposition of this new charge as a result of both his failure to post bail and the Board's warrant.

On December 7, 2016, Petitioner pleaded guilty to the charge of possession of drug paraphernalia and was sentenced to a term of incarceration of three to six months. Petitioner was immediately remanded to the custody of the Butler County Prison. He returned to the Board's custody on March 9, 2017, which appears to coincide with the expiration of the minimum term of incarceration on Petitioner's Butler County sentence. The Board subsequently provided Petitioner with a notice of charges and hearing. Petitioner signed a waiver of his right to a revocation hearing and counsel, and he admitted to having been convicted of a new criminal charge. By decision mailed March 29, 2017, the Board recommitted Petitioner as a convicted parole violator to serve an unexpired term of two years and six days and recalculated his parole violation maximum sentence date to March 16, 2019. Following an administrative appeal, the Board issued a new decision, mailed May 9, 2017, that modified its previous decision to reflect that Petitioner's unexpired term was one year,

eight months, and seven days and his parole violation maximum sentence date was November 13, 2018.

Petitioner filed an administrative appeal alleging that the Board erred in failing to grant him credit for his period of incarceration from September 9, 2016, to December 7, 2016, a total of 89 days, when he was allegedly incarcerated solely on the Board's warrant. Petitioner noted that he served his minimum sentence of three months at the Butler County Prison from December 7, 2016, to March 6, 2017. By decision mailed December 4, 2017, the Board affirmed its May 9, 2017 decision and denied Petitioner's request for administrative relief.

The Board explained that when Petitioner was last released on parole on July 20, 2014, his parole violation maximum sentence date was March 14, 2017, which left 968 days remaining on his original sentence. The Board credited Petitioner for 211 days he was detained by the Board (periods from May 17, 2015, to June 2, 2015 and July 13, 2015, to January 14, 2016), thereby reducing the days remaining on his original sentence to 757 days. Additionally, the Board credited Petitioner another 143 days (the period from April 19, 2016 to September 9, 2016) that he was detained in excess of the three to six month sentence imposed in Butler County, thereby further reducing the days remaining on his original sentence to 614 days. The Board attributed the period from September 9, 2016, to March 9, 2017, to Petitioner's new Butler County sentence and refused to award him credit for that period. When these 614 days were added to March 9, 2017, the date Petitioner was returned to the Board's custody, the Board arrived at Petitioner's new parole violation maximum sentence date of November 13, 2018. Petitioner thereafter filed a *pro se* petition for review with this Court.[1]

---

[1] By order dated January 16, 2018, this Court appointed the Public Defender of Mercer County to represent Petitioner.

On appeal, Petitioner argues that the Board erred in failing to award him credit for the 89 days he was incarcerated on the Board's warrant from September 9, 2016, to December 7, 2016. However, we cannot reach this argument as the present matter is moot in light of the expiration of Petitioner's parole violation maximum sentence date. Moreover, even if not moot, we note that Petitioner's argument would fail. This Court has previously held that an inmate sentenced on new criminal charges is not entitled to credit during the period of time between arrest and sentencing on the new criminal charges, when bail is not posted, even when the new sentence is less than the period of time spent in pre-sentence custody. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 248 (Pa. Cmwlth. 2007).

Accordingly, we must dismiss Petitioner's petition for review as moot.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Scott Sunday,                        :
               Petitioner       :
                             :   No.  37 C.D. 2018
          v.                           :
                             :
Pennsylvania Board of Probation             :
Board of Review,                            :
               Respondent      :

## *ORDER*

AND NOW, this 20th day of December, 2018, the petition for review filed by Joshua Scott Sunday is hereby dismissed as moot.

 

 

_____
PATRICIA A. McCULLOUGH, Judge